culating customs dues upon the gross tonnage of vessels, and adopted the practice of calculating customs and tonnage dues upon the net tonnage, which was to be determined according to certain rules laid down in the statute, and denominated the "net register tonnage;" the said law providing, however, that the register of the vessel must show the gross tonnage, all deductions made therefrom, and the resulting net or register tonnage. The said act also provides that all foreign vessels must be remeasured on entering any port of the United States, unless the secretary of the treasury should become satisfied that the nation to which the ship belongs has adopted our system of measurement. This change of practice by the United States in the collection of customs and tonnage dues is the main argument presented to this court to sustain the proposition that, in determining the amount of wharfage dues which the Louisiana Construction & Improvement Company is entitled to collect under its contract with the city of New Orleans, depends upon the net rather than upon the gross tonnage. We cannot see that the acts of congress passed in 1882, in which departure is made from a long-established practice, can affect the interpretation of an ordinance of the city of New Orleans adopted in 1881. If the ordinance in 1881 contemplated gross tonnage, an amendment adopted by the city council would be necessary to change it so as to eliminate gross tonnage, and substitute net tonnage. Our attention has been called to the case of the The Craigendoran, 31 Fed. 87, wherein Judge Benedict, construing an act of the legislature of the state of New York limiting wharf charges, which act provided a rate of wharfage to be demanded of vessels in proportion to their tons burden, held that the wharfage dues thereunder should be calculated upon the registered, and not the gross, tonnage. This case seems to have been well decided, but it is not applicable here, for the reason that, in the statute which the learned judge interpreted, the wharf dues collectible thereunder are dependent upon the burden or carrying capacity of the vessels using the wharves; and the case was decided in 1887, when the registered tonnage, the net tonnage, and the burden or carrying capacity of a vessel were substantially the same.

The decree appealed from seems to be correct, and it is affirmed.

---

### THE TIVERTON.

### MELBURN et al. v. LOUISIANA CONST. & IMP. CO.

(Circuit Court of Appeals, Fifth Circuit.  May 22, 1894.)

#### No. 220.

Appeal from the District Court of the United States for the Eastern District of Louisiana.

This was a libel by the Louisiana Construction & Improvement Company against the Tiverton (William Melburn and others, claimants), for wharfage. The district court rendered a decree for libelant. Claimants appealed.

Henry P. Dart, for appellants.

J. R. Beckwith, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PARDEE, Circuit Judge. This appeal raises only the question of whether wharfage dues, under the contract of the Louisiana Construction & Improvement Company with the city of New Orleans, of date May 23, 1891, should be charged and collected upon the gross or the net tonnage of the vessels using the wharf. For the reasons given in the case of Coul v. Improvement Co. (just decided) 62 Fed. 749, this case is ruled the same way, and the decree appealed from is affirmed.

---

## THE ANGERTON.

### MELBURN et al. v. LOUISIANA CONST. & IMP. Co.

(Circuit Court of Appeals, Fifth Circuit. May 22, 1894.)

#### No. 221.

Appeal from the District Court of the United States for the Eastern District of Louisiana.

This was a libel by the Louisiana Construction & Improvement Company against the Angerton (William Melburn and others, claimants), for wharfage. The district court rendered a decree for libelant. Claimants appealed.

Henry P. Dart, for appellants.
J. R. Beckwith, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PARDEE, Circuit Judge. This appeal raises only the question of whether wharfage dues, under the contract of the Louisiana Construction & Improvement Company with the city of New Orleans, of date May 23, 1891, should be charged and collected upon the gross or the net tonnage of the vessels using the wharf. For the reasons given in the case of Coul v. Improvement Co. (just decided) 62 Fed. 749, this case is ruled the same way, and the decree appealed from is affirmed.

---

## WOOD et al. v. HUBBARD.

(Circuit Court of Appeals, Third Circuit. July 9, 1894.)

#### No. 2.

1. SHIPPING—CHARTER PARTY—FREIGHT EARNED—COMMENCEMENT OF VOYAGE.
   On completing loading, a vessel proceeded, pursuant to her charter, in tow of the charterers' tug, down a river in prosecution of her voyage, but became icebound in the river, and so remained several weeks, until the river opened, when, by order of the charterers, she was towed back to the port of loading, and her cargo was discharged. Her crew was not complete at the time of leaving port, but was sufficient while she was being towed down the river, and men to fill the vacancies had been engaged to board her at its mouth. *Held*, that she had commenced the voyage, so as to earn freight, as she had actually left her port of loading with manifest intent to proceed to her port of destination, and the absence of part of her crew had not contributed to the delay.

2. SAME—FRUSTRATION OF VENTURE.
   While the vessel remained icebound, the day by which the charterers had contracted to deliver the cargo to purchasers passed, and the contract was canceled by the purchasers for the delay. No notice of the necessity of delivery by that day had been communicated to the master of the vessel or any one representing her. *Held* that, there having been no breach of any essential stipulation by the vessel, necessarily resulting